**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ARIF M. QURESHI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-3154 |
| § | |
| § | |
| KARIM PANJWANI, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Arif M. Qureshi, sued his former employer, Karim Panjwani; three of Karim Panjwani's family members, Feroz Panjwani, Shamsuddin Panjwani, and Amin Panjwani; and numerous incorporated entities allegedly owned and operated by the Panjwanis, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq*. Qureshi alleged that these defendants are an "enterprise" under the FLSA, and that this enterprise violated his rights under the FLSA, 29 U.S.C. § 216(b). Qureshi alleged the right to proceed as a collective action.

Qureshi has moved for leave to file a first amended complaint. Qureshi first sought to amend to dismiss five of the originally named defendants: West Group of Companies, Inc.; Weimar Express, Inc. d/b/a/ Wildcat Express d/b/a Waelder Shell; Texas Kohinoor Investments, LLC; Cinco Ranch Express, Inc.; and Leopard Express, Inc. The defendants did not oppose the proposed dismissal of these defendants, and this court has already approved this amendment. (Docket Entry No. 21).

Qureshi also sought leave to amend to add four named plaintiffs: Mohsin Kamal; Mahmood Shaikh; Haseeb A. Syed; and Mubarak Ali. (Docket Entry No. 17, Ex. A). The defendants did not

object to the proposed addition of plaintiffs Mohsin Kamal or Mahmood H. Shaikh. (Docket Entry No. 19 at 3). The motion for leave to amend is approved to add these plaintiffs. *See* FED. R. CIV. P. 15(a) (amendment is permitted through the "opposing party's written consent").

The defendants objected to the motion for leave to amend to add as plaintiffs Haseeb A. Syed and Mubarak Ali. The defendants assert that this amendment is futile. (Docket Entry No. 19). Qureshi has replied. (Docket Entry No. 20). Based on a careful review of the motion, the opposition, the reply, and the applicable law, this court grants the motion for leave to amend. The reasons are explained below.

## I.    Background

Qureshi filed this suit on October 23, 2008 and the defendants answered on December 8, 2008. The present motion for leave to amend and the proposed amended complaint were filed on May 16, 2009. The motion was filed at an early stage of discovery, when only one deposition—of Karim Panjwani—had been taken.

The complaint described the proposed class to be represented in the collective action as follows:

> All current and former employees of each of the above named Defendants who worked as a "cashier" or a "store clerk" or a "gas station attendant" or a "gas station clerk" or any other non-exempt hourly or salaried employee 1) who worked at any gas station or other type of business located in the United States that was owned, operated and/or acquired by any Defendant during the class period and 2) who claim they were either misclassified as exempt from overtime compensation, or not misclassified but did not receive overtime compensation, and seek payment for such overtime compensation.

(Docket Entry No. 1 ¶ 111).

The proposed amended complaint reasserted the allegations that Qureshi was a nonexempt employee who was not paid overtime rates for working more than forty hours in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a). The proposed amended complaint also reasserted the proposed class. In the proposed amended complaint, Qureshi alleged that the proposed added plaintiffs were within the proposed class of nonexempt employees who were not paid overtime rates for time worked in excess of forty hours in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a). (Docket Entry No. 17, Ex. A at 18–20). The defendants opposed the addition of Syed and Ali as named plaintiffs.

The proposed first amended complaint alleged that Syed worked for the defendants between September 1, 2007 and May 19, 2008 "as a cashier/store clerk/gas station attendant/gas station clerk ('store clerk')." Syed allegedly worked 70 hours per week and was promised a pay rate of $10 per hour. (*Id.*, Ex. A ¶¶ 122, 123). The proposed first amended complaint alleged that Ali worked for the defendants between January 1, 2009 and March 15, 2009 as "cashier/store clerk/gas station attendant/gas station clerk ('store clerk')" at two of the defendants' gas stations located in Austin, Texas: the "Burnett Shell" and the "Mo Pac Shell." Ali allegedly worked a minimum of 88 hours per week and was promised a pay rate of $10 per hour. (*Id.*, Ex. A ¶¶ 131–134). The proposed first amended complaint asserted that Syed and Ali, like Qureshi and the other proposed plaintiffs, "were routinely required to work in excess of 40 hours per week to perform the function of their job that included the performance of duties otherwise typically performed by 'hourly' non-exempt employees," and did not receive overtime pay for this work. (*Id.*, Ex. A ¶ 139).

The defendants opposed the addition of Syed and Ali as plaintiffs on what appear to be futility grounds. The defendants asserted that Syed "was a manager and exempt from overtime

3

requirements" under the FLSA, 29 U.S.C. § 213(a), and that Ali "did not work for any of the Karim Panjwani Defendants" but instead worked "only in Austin, Texas and for an entity different than that of Plaintiff Arif M. Qureshi." (Docket Entry No. 19 ¶¶ 5, 6). The defendants contended that because this court has not yet determined that the defendants operated as an "enterprise" under 29 U.S.C. § 203(r), adding Ali as a plaintiff is premature. (*Id.*).

## II.     The Legal Standard for Granting Leave to Amend

Because the proposed pleading amendment does not require modifying the scheduling order, Rule 15 of the Federal Rules of Civil Procedure applies, not Rule 16. Under Rule 15(a), after a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). Rule 15(a) instructs that "[t]he court should freely give leave when justice so requires," a standard that "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend is "not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). The decision to grant or deny leave to amend is within the trial court's sound discretion. A court is instructed to consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). In the absence of any of these factors, the requested leave should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

4

None of the first four factors applies here.  The defendants do not argue, and the record provides no basis to find, undue delay, bad faith, dilatory motive, or undue prejudice.  The fifth factor, futility, means that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  In determining futility, the court is to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  In *Ashcroft v. Iqbal*, --- S. Ct. ---, No. 07-1015, 2009 WL 1361536 (May 18, 2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*.  The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at *12 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III.   Analysis**

The defendants argued that amendment to add Syed and Ali as plaintiffs would be futile because Syed was a manager and therefore not subject to the FLSA, and because Ali did not work for Karim Panjwani, Qureshi's direct employer, and this court has not yet determined whether a larger "enterprise" of employers under 29 U.S.C. § 203(r) is properly asserted.  The defendants' objections do not provide a basis for denying leave to amend as futile.  The proposed amended complaint could not be dismissed under Rule 12(b)(6) for failure to state a claim.  The plaintiffs'

5

proposed amended complaint alleges that Syed and Ali did the work "typically performed by 'hourly' paid non-exempt employees," that they were required to work in excess of a forty-hour work week without overtime compensation, and that they were employed by the defendants. (Docket Entry No. 17 at 18–20). These allegations are sufficient to state a claim under the FLSA. *See McCollim v. Allied Custom Homes, Inc.*, No. H-08-3754, 2009 WL 1098459, at *3 (S.D. Tex. Apr. 23, 2009); *Burroughs v. MGC Servs., Inc.*, No. 08-1671, 2009 WL 959961, at *1 (W.D. Pa. Apr. 7, 2009). If, after discovery, the defendants are able to show that Syed was an exempt employee under the FLSA, *see Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) (the defendant "has the burden of proving that the employee falls within the claimed exempted category"), or that the plaintiffs have not established the elements of the "enterprise" that allegedly employed Ali, *see Reich v. Bay, Inc.*, 23 F.3d 110, 114 (5th Cir. 1994) (the plaintiffs have the burden of satisfying the elements of an "enterprise"), the defendants may move for summary judgment on these issues. But at this pleading stage, this court is unable to conclude that as a matter of law, the plaintiffs have failed to state a claim on which Syed and Ali could recover.

**IV.    Conclusion**

The motion for leave to amend is granted.

SIGNED on June 9, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge